T.C. Memo. 1999-39

UNITED STATES TAX COURT

DAN PISTORESI AND ELAINE M. PISTORESI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24774-96.                    Filed February 8, 1999.

Dan Pistoresi, pro se.

<u>Ralph W. Jones</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1992 in the amount of $1,740 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $348.

After concessions by petitioners,[2] the issues for decision are: (1) Whether petitioners are entitled to a Schedule C utility expense deduction; (2) whether petitioners are entitled to a loss deduction with respect to certain stock; (3) whether petitioners are entitled to a deduction for tax preparation fees; and (4) whether petitioners are liable for the section 6662(a) accuracy-related penalty.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in the State of Oregon on the date the petition was filed in this case.

The first issue for decision is whether petitioners are entitled to a Schedule C utility expense deduction. Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Respondent does not dispute that petitioner husband

---

[2] In their petition, petitioners disputed the deficiency and accuracy-related penalty by stating that they "can justify to where we might even have a little coming back to us." At trial, petitioners failed to address or introduce any evidence with respect to many of the adjustments in the statutory notice of deficiency. Petitioners are deemed to have conceded the adjustments which they failed to properly address in their petition or at trial. Rule 34(b)(4). We therefore address only those adjustments and other matters raised at trial.

carried on a Schedule C business called "Adaptable Business Concepts" during 1992.

Petitioners claimed a Schedule C deduction for utility expenses in the total amount of $2,921. In the statutory notice of deficiency, respondent disallowed the claimed deduction. A self-prepared statement attached to petitioners' return reveals that the total amount claimed and disallowed for utility expenses includes $1,025.30 for "TELEPHONE" and $1,253.70 for "FAX".

Petitioners had two telephone lines at their personal residence. The first telephone line was used primarily for personal purposes.[3] Petitioner husband alleges that the second telephone line (line 2) was used only for business purposes. According to petitioner husband, line 2 was used to make both telephone calls and facsimile transmissions in connection with various projects which he worked on during 1992.

Although we believe that petitioner husband used line 2 for business purposes during 1992, we are not convinced that it was used exclusively for business purposes. After considering petitioner husband's testimony and reviewing his telephone records, we estimate that $250 of the charges for 1992 were business related. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Petitioners have presented no evidence with respect to their other claimed utility expenses. Accordingly, we

_____

[3] The cost of basic service on the first telephone line is rendered nondeductible by sec. 262(b).

hold that petitioners are entitled a Schedule C utility expense deduction in the amount of $250.

The second issue for decision is whether petitioners are entitled to a loss deduction with respect to certain stock. Petitioners did not claim any stock loss deductions on their return. They first claimed these losses during the audit of their 1992 taxable year.

Petitioner husband established through his testimony and two documents that he purchased stock in Codecard Inc. and Horizon Tech Corp. sometime prior to 1989. He failed to prove, however, that the stock became worthless during petitioners' 1992 taxable year. Sec. 165(g); sec. 1.165-5(c), Income Tax Regs. We therefore hold that petitioners are not entitled to a stock loss deduction for 1992.

The third issue for decision is whether petitioners are entitled to a deduction for tax preparation fees. Petitioners submitted as evidence a charge for the preparation of their 1991 Federal income tax return which was paid during 1992. In the statutory notice of deficiency, respondent allowed petitioners their claimed Schedule C deduction for legal and professional services in the amount of $1,000.

We find that petitioners have not proved that the amount allowed by respondent as a Schedule C deduction for legal and professional services did not include the amount paid for the tax preparation fees. Moreover, the tax preparation fees would only be allowable as a Schedule A miscellaneous expense deduction if

they were not otherwise allowed by respondent.  See sec. 1.67-1T(a)(1)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 9870 (Mar. 28, 1988).  Since petitioners claimed the standard deduction for 1992 and have not proved that their total itemized deductions exceeded their claimed standard deduction, the tax preparation fees, if allowable under section 67, would not decrease their taxable income.  Sec. 63.  Accordingly, we hold that petitioners are not entitled to a deduction for tax preparation fees.

The fourth issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty.  Respondent's determinations of negligence are presumed to be correct, and petitioners bear the burden of proving that the penalty does not apply.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations.  Sec. 6662(b)(1).  Respondent determined that petitioners are liable for the accuracy-related penalty imposed by section 6662(a) for their underpayment of tax in 1992, and that such underpayment was due to negligence or disregard of rules or regulations.  "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the

preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Based on the record, we find that petitioners have not proved that their underpayment was due to reasonable cause or that they acted in good faith. Accordingly, we hold that they are liable for the section 6662(a) accuracy-related penalty for 1992.

To reflect the foregoing,

Decision will be entered under Rule 155.